NOT DESIGNATED FOR PUBLICATION

No. 116,668

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

AREALE N. HANKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed October 6, 2017. Affirmed.

*Bobby J. Hiebert Jr.*, of Law Office of Bobby Hiebert Jr., LLC, of Salina, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: Areale N. Hanks appeals the summary denial of her K.S.A. 2016 Supp. 60-1507 motion. She argues her trial counsel was ineffective for failing to file an alibi notice and trial counsel did not move to proceed on a suppression hearing based on *Franks v. Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). There was no showing of manifest injustice to overcome the one-year time limitation on her motion. We affirm.

1

Hanks, Michael Layne, and Reyna Youdath went to Nicole Autrey's house in Hank's van. They robbed Autrey using a gun and threatening her life. The three then went to Layne's house where they divided the stolen property.

The police questioned Youdath who confessed and named Hanks and Layne as coconspirators. The police searched Hank's home, van, and cell phone. They found some of the stolen property in the van.

Hanks was arrested and charged with aggravated robbery, aggravated burglary, kidnapping, and theft. Prior to jury trial, she filed a motion to suppress saying the officers had misrepresented statements made by Youdath. The motion was denied as she had failed to attach a sworn statement in support of her allegations in the motion.

At trial Autrey, Youdath, and several police officers testified for the State. The State became aware that the defense might call Hank's mother to testify as an alibi witness. The district court granted a motion in limine concerning the alibi evidence because it was untimely.

After Hanks was convicted, she appealed to the Court of Appeals on the grounds that the district court erred when it denied her request for a *Franks* hearing and prevented her from providing alibi testimony. *State v. Hanks*, No. 111,037, 2015 WL 717418 (Kan. App. 2015) (unpublished opinion).

The *Hanks* court held that Hanks had not offered any proof that the affidavits submitted in support of the search warrants were unreliable. Although there were some minor factual mistakes, they did not appear to be reckless or deliberate. 2015 WL 717418, at *3. The court found it was appropriate for the district court to deny a *Franks* hearing in this case. 2015 WL 717418, at *3.

The *Hanks* court found that Hanks had given no justification for her late request to call an alibi witness, her mother, and the district court was correct. Hanks' conviction was affirmed. 2015 WL 717418, at *5.

*K.S.A. 60-1507 Motion*

Hanks' subsequent K.S.A. 2016 Supp. 60-1507 motion was denied by the district court. The court ruled that her motion was filed beyond the one-year time limitation, and she had failed to demonstrate manifest injustice and failed to make a colorable claim of actual innocence.

The one-year time limitation may be extended only to prevent manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). That is, rulings that are obviously unfair or shocking to the conscience. *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

In 2016, the Kansas Legislature amended K.S.A. 60-1507 to limit the manifest injustice inquiry "to determine why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A).

Hanks knew of the one-year time limit.

*Motion to Suppress and Alibi Testimony*

Specifically, Hanks now complains that her trial counsel was ineffective because he failed to properly prepare the evidence necessary for the motion to suppress and to properly file a notice of alibi so alibi evidence could have been presented to prove her innocence, which would establish a colorable claim of innocence.

"[T]he term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A).

*Conclusion*

The *Hanks* court previously found a *Franks* suppression hearing was not necessary because there was no evidence that the affidavits in support of the search warrants were in any way substantially unreliable. 2015 WL 717418, at *3.

Concerning the alibi testimony, it is not likely the jury would have found Hanks innocent even if the alibi testimony had been presented. There was very substantial evidence of her guilt. Her mother's alibi testimony was not likely to overcome the evidence presented at trial.

Affirmed.